[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 306.]

CLEVELAND BAR ASSOCIATION *v.* CHARACTER-FLOYD.

[Cite as *Cleveland Bar Assn. v. Character-Floyd*, 1998-Ohio-86.]

*Attorneys at law—Misconduct—Six-month suspension with sanction stayed on conditions—Failing to maintain complete records of all funds coming into attorney's possession and render appropriate accounts regarding them—Failing to promptly pay or deliver to client as requested by client funds or other properties client is entitled to receive—Withdrawing unearned or disputed fees from client trust account—Charging a clearly excessive fee—Division of fees with persons not in same firm without prior consent of client—Neglect of an entrusted legal matter.*

(No. 98-779—Submitted June 10, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-7.

————————————

{¶ 1} On September 23, 1997, relator, Cleveland Bar Association, filed an amended complaint charging respondent, Dea Character-Floyd of Shaker Heights, Ohio, Attorney Registration No. 0042158, with the violation of several Disciplinary Rules in two separate matters. After respondent answered, a panel of the Board of Commissioners on Grievances and Discipline ("board") held a hearing and received stipulations and exhibits of the parties.

{¶ 2} The panel found that on May 2, 1995, Arthur B. Arnold, Terri L. Fleming, Kevin B. Parrish, Joseph Snyder, and Samuel A. Taylor ("Arnold group") engaged respondent to represent them in potential employment discrimination matters. Each member of the group paid respondent $2,500 as a minimum retainer, and, in addition, each agreed to pay a thirty-three percent to fifty percent contingency fee and $120 each month toward expenses. The fee agreement

provided that a statement for services would be rendered by respondent's firm "every thirty (30) to forty five (45) days." Respondent then proceeded to review the documents and information supplied by the Arnold group, consult with attorneys and others with expertise in discrimination matters, and research the law in the area. On June 14, 1997, the members of the Arnold group sent respondent a letter indicating that they had decided to terminate the relationship with her. In the letter they requested an itemization of the services which respondent had rendered, a refund of the unused retainer, and the return of all the documents they had forwarded to her. The letter, sent by registered mail, was returned by the post office marked "not deliverable."

{¶ 3} On June 30, 1995, Arnold and Snyder met with respondent and gave her a copy of the letter. When respondent did not reply by July 17, 1995, the members of the Arnold group on that date sent her another letter with the same requests by registered and regular mail. Receiving no response to this letter, the members of the Arnold group again wrote to respondent by regular mail on August 9, 1995.

{¶ 4} After the Arnold group filed a grievance with relator in September 1995, respondent submitted an itemized statement of her services for the Arnold group, including services performed by persons who were not members of her law firm and containing some hours which were lumped together. The statement was for one hundred eleven hours of legal services in the total amount of $21,948, for which respondent had already paid herself and others. The statement was not supported by respondent's calendar on which she had recorded her time.

{¶ 5} The panel concluded that respondent's conduct with respect to the Arnold group violated DR 9-102(B)(3) (failure to maintain complete records of all funds coming into her possession and render appropriate accounts regarding them), 9-102(B)(4) (failure to promptly pay or deliver to the client as requested by the client the funds or other properties which the client is entitled to receive), 9-

102(A)(2) (withdrawal of unearned or disputed fees from a client trust account), 2-106(A) (charging a clearly excessive fee), 2-107(A) (division of fees with persons not in the same firm without the prior consent of the client and without specification of terms), and 6-101(A)(3) (neglecting a legal matter entrusted to her).

{¶ 6} The panel also found that respondent represented Marjorie Dowlen in a personal injury matter on a contingent-fee basis. When the firm received the settlement amount of $50,000, the husband of respondent, who was then practicing law with her, distributed $15,500 to Dowlen and an amount to Dowlen's health insurance carrier, and, after deducting the firm's fee of $16,667, designated $6,000 to be held back in the event that a subrogation claim was made by Dowlen's insurance carrier. When respondent and her husband ceased their law practice together, it appears that the husband transferred the $6,000 to his own trust account. Respondent agreed to return the $6,000 to Dowlen at the rate of $1,500 a month, but has failed to do so. The panel concluded that with respect to the Dowlen matter respondent violated DR 9-102(B)(4).

{¶ 7} The panel recommended that respondent be suspended for six months and that she pay restitution of $6,000 to the Arnold Group and $6,000 to Dowlen. The board adopted the findings, conclusions, and recommendations of the panel.

_____

*Michael J. Garvin* and *Wally Mueller,* for relator.
*John E. Shepherd,* for respondent.

_____

***Per Curiam.***

{¶ 8} We adopt the findings of fact and conclusions of the board. Respondent is hereby suspended from the practice of law in Ohio for six months with the entire six months stayed, provided that respondent shall pay restitution of $6,000 to members of the Arnold group and $6,000 to Dowlen within ninety days of this order. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., dissents because he would not stay the six-month suspension.

————————————